315 P.2d 873

**Clyde KILLINGSWORTH, Superintendent of Motor Vehicle Division, Arizona State Highway Department, Appellant,**

v.

**Ott MORROW dba Morrow Motors, Appellee.**

**No. 6286.**

Supreme Court of Arizona.
Sept. 26, 1957.

24

Robert Morrison, Atty. Gen., and R. G. Langmade and Ronald M. Bond, Asst. Attys. Gen., for appellant.

Snell & Wilmer, Phoenix, for appellee.

WINDES, Justice.

Ott Morrow, doing business as Morrow Motors, filed complaint against C. L. Lane, then Superintendent of Motor Vehicle Division, Arizona State Highway Department, for the recovery of $105.80 taxes which he paid under protest and which were levied under the provisions of section 66–518, 1952 Supp., A.C.A.1939, A.R.S. § 40–641. The complaint also seeks a declaratory judgment to the effect that the plaintiff is not a common carrier or contract carrier but is a private carrier of property. The tax was levied under the provisions of section 66–518, supra, upon plaintiff's gross receipts for tow car service in the year 1954 and January and February, 1955. The court rendered summary judgment in favor of plaintiff for the amount of the taxes and adjudged that:

"1. Plaintiff, Ott Morrow, in the operation of a tow truck; when used in connection with and as an incident to the conduct of his business of selling, servicing and repairing new and used motor vehicles is neither a common nor a contract carrier of property for compensation;

"2. Plaintiff in his operation of a tow truck was herein described, is a private carrier of property and as such is not liable for any tax upon the compensation received by him for such service, under the provisions of Section 40–641, R.S.A.;"

The record upon which the summary judgment is founded consists merely of the complaint and answer with exhibits attached. The complaint alleges that for some years past plaintiff has owned and operated a tow truck in connection with his general business of selling new and used cars and servicing and repairing motor vehicles. The answer admits this. The complaint alleges that in operating the tow truck plaintiff has no regular schedule of rates or regular territory in which he serves. The answer denies this and alleges that plaintiff has a certificate of convenience and necessity issued by the Corporation Commission authorizing the towing or transportation of vehicles within the state as a common carrier with headquarters at Flagstaff. The answer also alleges that there was filed with the corporation commission a schedule of rates for the appropriate service. The complaint further alleges that plaintiff is not in the business of towing vehicles but that all his towing operations are in connection with and incident to his general business of selling, servicing and repairing automobiles. These latter allegations are denied by the answer.

From the foregoing it is not disputed that plaintiff does conduct a business of selling and servicing and repairing cars and that in connection with that business he owns and operates a tow truck. It is not disputed that plaintiff is authorized under a certificate of convenience and necessity to tow cars as a common carrier and the territory for such operations is the state of Arizona

with headquarters at Flagstaff. It is disputed whether plaintiff has a regular schedule of rates. It is also disputed whether plaintiff is engaged in the business of towing vehicles or whether such services as plaintiff actually rendered were merely incidental to his general business of selling, servicing and repairing cars.

■ The effect of the court's judgment is that at the time the purported taxes accrued and under the present existing statute the plaintiff was merely a private motor carrier and not subject to any tax. The taxes, if any, accrued in 1954 and the first two months of 1955. During that period under the provisions of section 66–501, A.C.A.1939, A.R.S. § 40–601, a private motor carrier was defined as one engaged in the transportation of property "in the furtherance of any private commercial enterprise". Transportation in furtherance of some other commercial enterprise is nothing more nor less than transportation for the purpose of assisting, promoting or advancing the carrying on of such other business. For illustration, one engaged principally in the garage and repair business who tows a car to the garage for the purpose of repair would clearly be transporting in furtherance of his repair business and for such acts would be merely a private and not a contract or common carrier of property for compensation.

■ In 1955 since the taxes involved accrued, the legislature amended the portion of section 66–501, supra, which defines a private carrier. Laws 1955, chapter 135. So far as applicable to any possible fact situation in the instant case, the foregoing amendment defines a private motor carrier as one not included in the definition of a common carrier or contract carrier who transports property as owner, lessee or bailee when such transportation is for the purpose of "bailment, or in the furtherance of any commercial enterprise * * *". Certainly, if one whose principal business is that of servicing and repairing cars tows the same for the purpose of repairing or servicing, he would be transporting them for bailment or in furtherance of his principal commercial enterprise and would thereby qualify as a private carrier.

■ Under the facts heretofore related, the plaintiff is qualified to engage in the business of towing cars as a common carrier entirely independent of his business of operating a garage for the servicing and repair of cars. Whether all the towage services rendered were in furtherance of and incident to his garage business is a disputed fact. If any portion of the receipts upon which this tax was levied was derived from towage charges not performed in the furtherance of or incident to his garage business but separate and apart therefrom, such receipts would be taxable as income derived from transporting property for compensation as a common carrier or contract carrier. Claypool v. Lightning Deliv-

ery Co., 38 Ariz. 262, 299 P. 126. The court decided all receipts were derived from charges made for towing as an incident or in furtherance of his garage business. This being disputed, it must be determined by proof.

Judgment reversed for proceedings not inconsistent herewith.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.