382 P.2d 558

**MECHAM PONTIAC CORPORATION, an Arizona corporation, and Airport Limousine Company, a Nevada corporation, dba Avis Rent-A-Car System, Petitioners,**

v.

**E. T. "Eddie" WILLIAMS, Jr., George F. Senner, Jr., and A. T. "Jack" Buzzard, as members of and constituting the Arizona Corporation Commission, Respondents,**

**Frederick E. Kallof and National Car Rental, an Arizona corporation, Intervenors.**

**No. 7663.**

Supreme Court of Arizona.

En Banc.

May 29, 1963.

Rehearing Denied June 25, 1963.

Edwin Thurston, Phoenix, for petitioner Mecham Pontiac Corp.

Dow Ben Roush, Phoenix, for petitioner Airport Limousine Co.

Robert Pickrell, Atty. Gen., for respondents.

Chandler, Tullar, Udall & Richmond, Tucson, for intervenors Frederick E. Kallof and National Car Rental.

Wilson & Wilson, Kramer, Roche, Burch & Streich, Charles C. Stidham, Roy R. Carson, Snell & Wilmer, Dix W. Price, and Minne & Sorenson, Phoenix, amicus curiae.

R. C. STANFORD, Jr., Superior Court Judge.

This is a petition for a writ of prohibition directed to the Corporation Commission. Petitioners ask this Court to prohibit the Arizona Corporation Commission from assuming power over the business of renting and leasing motor vehicles. This Court has original jurisdiction to issue extraordinary writs, which includes prohibition, to state officers. Ariz.Const. Art. 6, Sec. 5, A.R.S.

Petitioners and intervenors rent and lease automobiles. The customer drives the car and has full possession and control of it for the length of the lease. It is logical to assume that most of the driving done by the customers is on the public highways.

Intervenors applied to the Corporation Commission for a certificate of convenience and necessity and the commission granted these certificates on the theory that the rental automobiles were motor carriers using the public highways and that therefore anyone engaged in the car rental business was required to have a certificate of convenience and necessity.

Section 40–601, A.R.S. defines motor carriers as follows:

" 'Contract motor carrier of property' means any person engaged in the transportation by motor vehicle of property, for compensation, on any public highway. * * *."

The only question in this case is whether rental cars are "motor carriers" and therefore subject to the requirements of obtaining a certificate of convenience and necessity under the statute. We think this case is controlled by State v. Southwest Lumber Mills, Inc., 80 Ariz. 357, 297 P.2d 1099. In that case truck owners leased trucks but had no control over the use of the trucks or the selection of the drivers of the trucks. In construing the same statute under consideration here in a tax matter we said:

"We are unable to conclude that the plaintiffs were engaged in the transportation of property for compensation. They were not transporting property at all. They had no control over the movement of property nor any obligation to see that it was transported. Plaintiffs' entire obligation was to furnish the equipment and pay the expense of keeping the same in operating condition. Other jurisdictions in both the state and federal courts have reached

**146**

a like conclusion on similar facts."
80 Ariz. at 359, 297 P.2d at 1100.

The facts of the instant case put it equally outside the ambit of the statute. Here those who rent cars do not transport anyone or anything. If any person or any property is transported it is done by the person who rents the car from petitioners, and once having rented a car petitioners have no control over its use.

For other jurisdictions which have reached the same result see, e. g.: Hertz Drivurself Stations v. Siggins, 359 Pa. 25, 58 A.2d 464, 7 A.L.R.2d 438; State v. Dabney, 176 Ark. 1071, 5 S.W.2d 304; People v. Heckman Trucking Co., Inc., 277 N.Y. 480, 14 N.E.2d 801; Lawrence v. Goddard, 124 Fla. 250, 168 So. 13; Armstrong v. Denver Saunders System Co., 84 Colo. 138, 268 P. 976; State v. Hertz Driv-Ur-Self Stations, 149 Wash. 479, 271 P. 331; Dymond Cab Co. v. Branson, 191 Okl. 604, 131 P.2d 1007.

We hold that petitioners, owners and lessors of the vehicles, were not engaged in the transportation of persons or property for compensation, and that the respondent, Arizona Corporation Commission, has no power to regulate the actions of the petitioners.

The alternative writ of prohibition is made permanent.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.

NOTE: Justice LORNA E. LOCKWOOD, having disqualified herself, the Honorable R. C. STANFORD, Jr., Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this appeal.