416 P.2d 199

David H. CAMPBELL, Superintendent of the Motor Vehicle Division of the Arizona State Highway Department, State of Arizona, Appellant,

v.

The COMMONWEALTH PLAN, INC., a Massachusetts corporation, Appellee.

No. 1 CA–CIV 221.

Court of Appeals of Arizona.

June 30, 1966.

Rehearing Denied July 26, 1966.

Review Granted Sept. 27, 1966.

Darrell F. Smith, Atty. Gen., by Harry Schoolitz, Jr., Asst. Atty. Gen., and Peter G. Gulatto, Phoenix, for appellant.

Snell & Wilmer, by Arthur P. Greenfield, Phoenix, for appellee.

CAMERON, Judge.

The Commonwealth Plan, Inc., the plaintiff below, appellee herein, filed an action in the Superior Court of Maricopa County, against the defendant David H. Campbell in his capacity as Superintendent of the Motor Vehicle Division of the Arizona State Highway Department to recover taxes paid under protest to the Motor Vehicle Division by the plaintiff. The parties stipulated as to the facts in the case, and each

moved for summary judgment. From an order granting plaintiff's motion for summary judgment, and denying defendant's motion for summary judgment, defendant brings this appeal. It was stipulated below that the decision in this case be binding upon the parties in an additional eighteen pending cases which involve the same law and facts, varying only in the amount of damages alleged and the months of payment.

We are called upon to determine whether the plaintiff, the lessor of some 202 motor vehicles to Arizona Public Service Company must pay a two and one-half percent tax on the lease payments imposed by 40–641 A.R.S. for contract motor carriers of property as defined by A.R.S. 40–601, subsec. A(5) when none of the vehicles in question are used by the lessee (Arizona Public Service Company) for transportation of property upon the public highway.

The facts necessary for a determination of this matter are as follows: The Commonwealth Plan, Inc., a Massachusetts corporation, purchased a quantity of vehicles from Arizona Public Service Company, and thereafter leased the vehicles back to the said Arizona Public Service Company. A total of 235 vehicles were thus leased. After the leasing arrangement, the State of Arizona, through the Motor Vehicle Division, required the plaintiff to file reports, and pay taxes under the provisions of A.R.S. 40–641 on all the vehicles. Plaintiff filed a report and paid these taxes under protest with respect to 202 of the total of 235 vehicles and then filed suit each month for the return of the tax collected. It was stipulated that all of the vehicles in question are in excess of 6,000 pounds unladen weight, are owned by the plaintiff and leased to Arizona Public Service Company, and that they are used by Arizona Public Service Company in furtherance of its utility business which may be characterized as a "commercial or industrial enterprise".

It was further stipulated

"that none of the vehicles in question is used by Arizona Public Service Company for the transportation of property upon the public highway."

The vehicles are described in the stipulation as being line trucks, aerial and ladder trucks, truck tractors, crew carrier trucks, backhoe carrier and order trucks, construction and maintenance trucks, and derrick winch and boom and crane trucks. The taxes imposed by Section 40–641 A.R.S. were paid by the plaintiff in regard to the remaining dump and material carrier trucks without protest. The amount of taxes paid on the trucks claimed by plaintiff to be exempt for the month of September, 1963, is the amount of $1,029.88. Similar though not the exact amounts are claimed in the other 18 actions.

The following statutes are to be considered:

"5. 'Contract motor carrier of property' means any person engaged in the transportation by motor vehicle of property, for compensation, on any public highway, and not included in the term common motor carrier of property, and, for the purpose of taxation, the owner of any motor vehicle in excess of six thousand pounds unladen weight who *leases, licenses* or by *any other arrangement* permits the use of such vehicle by any other, other than a common or contract carrier subject to tax under articles 1 and 2 of this chapter, for the transportation of property upon the public highway for compensation or in the furtherance of any commercial or industrial enterprise." 40–601, subsec. A, par. 5 A.R.S. (Emphasis ours.)

And:

"A. In addition to all other taxes and fees: 1. Every common motor carrier of property and every contract motor carrier of property shall pay to the state, on or before the twentieth day of each month, a license tax of two and one-half per cent of the gross receipts from the carrier's operations within the state for the preceding calendar month, excluding receipts from property transported under a star route contract with the fed-

eral government. The gross receipts from the operation for hire by a common motor carrier of property or a contract motor carrier of property of a farm tractor or implements of husbandry exempt from registration, whether incidental to the operations as such motor carrier or otherwise, shall not be subject to the tax imposed by, or other provisions of, this article." 40–641 A.R.S., subsec. A, par. 1.

It is agreed that were these trucks owned outright by Arizona Public Service Company that they would not be required to pay the tax imposed by A.R.S. 40–641. Killingsworth v. Morrow, 83 Ariz. 23, 315 P.2d 873 (1957).

▉ It is the contention of the defendant that the leasing of these vehicles to Arizona Public Service Company converts the plaintiff-lessor to a person "engaged in the transportation on the public highways of Arizona by motor vehicle of property for compensation", and therefore the revenue plaintiff receives upon its leasing of the vehicles is taxable under this section. With this we do not agree. A reading of 40–601, subsec. A, par. 5 indicates that there are five requirements which must exist before one in the position of the plaintiff can be found to be a "contract motor carrier of property". These requirements are:

1. Owner of a motor vehicle in excess of 6,000 pounds unladen weight
2. who leases such vehicles
3. for transportation of property
4. upon the public highways
5. a. for compensation
      or
   b. in the furtherance of the commercial or industrial enterprise.

By stipulation, requirement number 3 above is not present. In order for the lessor of vehicles such as plaintiff to be classified as a contract motor carrier of property within the meaning of A.R.S. 40–601, subsec. A, par. 5 and thus be subject to a tax imposed by A.R.S. 40–641, the lessee of the vehicles

(in this instance Arizona Public Service Company) must be utilizing the vehicles for the transportation of property on the public highway for compensation or must be using such vehicles for the transportation of property upon the public highways in furtherance of its commercial or industrial enterprise.

It is apparent that the vehicles involved in this matter do not transport property upon the public highways for compensation and we do not agree with defendant that one who leases vehicles in excess of 6,000 pounds for use in the furtherance of any commercial or industrial enterprise (but not involved in the transportation of property) becomes a contract motor carrier of property.

In an action by lessors of trucks and trailers to recover tax and penalties imposed and paid under protest, the Supreme Court of Arizona interpreting the prior statute stated:

"We are unable to conclude that the plaintiffs were engaged in the transportation of property for compensation. They were not transporting property at all. They had no control over the movement of property nor any obligation to see that it was transported. Plaintiffs' entire obligation was to furnish the equipment and pay the expense of keeping the same in operating condition.

\*     \*     \*     \*     \*     \*

"We are of the view, therefore, that the owners of these trucks were not engaged in the transportation of property for compensation." State v. Southwest Lumber Mills, 80 Ariz. 357 at 359, 360, 297 P.2d 1099, 1100 (1956).

And the Supreme Court under the present statute later said:

"We hold that petitioners, owners and lessors of the vehicles, were not engaged in the transportation of persons or property for compensation, and that the respondent, Arizona Corporation Commission, has no power to regulate the actions of the petitioners." Mecham Pontiac

Corp. v. Williams, 94 Ariz. 144, 146, 382 P.2d 558, 559 (1963).

It has been repeatedly held that a statute imposing tax liability will be most strongly construed against the taxing authority and in favor of the taxpayer or citizen and any doubt will be resolved in support of the proposition that the tax is not due. (City of Phoenix v. Borden Company, 84 Ariz. 250, 326 P.2d 841 [1958]).

The judgment of the lower court is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.