580 P.2d 718

**PETROLANE–ARIZONA GAS SERVICE, a corporation, and Graves Butane Company of Midland, Inc., a corporation, Appellants,**

v.

**The ARIZONA CORPORATION COMMISSION and Al Faron, Charles Garland, and Russell Williams, as Individual members constituting said Commission, Appellees.**

No. 13568.

Supreme Court of Arizona,
In Division.

June 7, 1978.

Rehearing Denied July 11, 1978.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for appellees.

Duecy, Moore, Petsch, Robinson & Bennett by William F. Bennett, Scottsdale, for appellant Petrolane-Arizona Gas Service.

Yankee & Bernstein by James A. Yankee, Phoenix, for appellant Graves Butane Co.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from a judgment entered in the Superior Court on November 4, 1976, and from a further judgment entered on November 30, 1976, in favor of appellee Arizona Corporation Commission. Three suits were initiated in the Superior Court of Maricopa County by appellants to determine whether they were public service corporations as defined in Art. 15, § 2, of the Arizona Constitution. The three actions were eventually consolidated under Cause No. C–280144. The appeal is from the judgment in the three consolidated cases. We accepted jurisdiction pursuant to Rule 47(e), Rules of the Supreme Court, 17A A.R.S. Affirmed.

It is the position of the Arizona Corporation Commission that it has jurisdiction over the appellants by reason of the Consti-

tution of Arizona, Art. 15, § 2, which provides that all corporations, other than municipal, engaged in furnishing gas for light, fuel or power are public service corporations. A corporation which categorically is a public service corporation as defined by the Constitution is subject to the jurisdiction of the Arizona Corporation Commission. *General Alarm, Inc. v. Underdown*, 76 Ariz. 235, 262 P.2d 671 (1953); A.R.S. §§ 40–201, 202.

In the Superior Court, the case was submitted on an agreed statement of facts. In the statement of facts, it was agreed that both appellants carry on distributional gas businesses in the community of Page, in Coconino County, Arizona. Both deliver gas through central gas distribution systems to individual customers. The gas distribution systems represent approximately 700 customer installations, not including commercial installations. Appellants each maintain a central storage facility for liquified petroleum gas, called LPG. It is distributed to appellants' customers through a central gas distribution system and is sold to the customer under pressure through a meter. Residential uses include home heating, cooking, and water heating. Commercial uses include water heating, heating, and cooking, and all business usages. Appellants' sales of liquid petroleum gas through their respective central gas distribution systems constitute approximately 8% of the combined liquid propane bulk and central gas distribution business in Page.

Each of the central gas distribution systems is a network of metered services supplied from a single storage facility. The systems' users are metered by cubic foot vapor meters which are read and billed monthly to the customer. Service is available to the general public and it may be refused for credit reasons. The Arizona Corporation Commission is not claiming jurisdiction to cover bulk sales of liquid gas; therefore, only the metered gas service is the subject of this controversy. Appellants have not sought or obtained certificates of convenience and necessity from the State of Arizona for the areas which they service through their respective central gas distri-

bution systems. They have refused to apply for certificates of convenience and necessity and refuse to be governed by the rules, regulations, general orders, practices and procedures of the Arizona Corporation Commission relative to their central gas distribution system business.

Appellants argue that they handle liquid petroleum products exclusively and do not transport gaseous substances through their pipeline and, hence, do not fall within the purview of Art. 15, § 2. Their position, however, is inconsistent with the agreed statement of facts.

It was agreed by paragraph 2 that the "Companies are engaged in the transmission and/or delivery of gas (a gas known as liquid propane gas) for heat or power for sale * * *." It was agreed by paragraph 4 that "Petrolane installed an initial LPG [liquified petroleum gas] *central gas distribution system* in a portion of Page, Arizona" and that Graves installed a *central gas distribution system* for the purposes of distribution of LPG * * *." (Emphasis added) Plainly, appellants agreed that they are engaged in the transmission and delivery of gas and that they are each operating a "central gas distribution system." Were we to assume, as appellants urge, that their gas distribution systems transport a liquid, still it was agreed that the customers' meters measure by cubic foot of vapor. The appellants' systems must, therefore, be furnishing gas within the clear language of the Constitution, Art. 15, § 2. Appellants' arguments that liquid petroleum gas (LPG) is not a product subject to public regulation must be rejected where, as here, at some point in appellants' systems the liquid becomes a gas furnished for light, fuel or power.

Appellants rely extensively on *Natural Gas Service Co. v. Serv-Yu Cooperative*, 69 Ariz. 328, 213 P.2d 677 (1950), on rehearing, 70 Ariz. 235, 219 P.2d 324. They assert that there the Court attempted to set up criteria to be followed in order to determine whether a business is a public service corporation within the scope of Art. 15, § 2, of the

Arizona Constitution. They assert that "* * * the court set forth eight criteria that must be met * * *" and argue that some of these criteria cannot be found in the instant case. We do not, however, read *Natural Gas Service Co. v. Serv-Yu Cooperative, supra,* as saying that the eight criteria which were used there to establish a public service corporation are those which must be found present or a public service corporation does not exist.

The Court explained on rehearing that the mere power in a corporation to transmit, distribute, furnish, sell and dispose of gas to its members was not enough to brand the Serv-Yu Cooperative as a public service corporation, saying:

"There were other factors that should have been pointed out, all of which were evidenced by our recitation of the facts in the original opinion." 70 Ariz. at 237, 219 P.2d at 325.

Eight factors which were found to be significant in determining that Serv-Yu Cooperative was a public service corporation were then discussed.

In the instant case, some of the eight factors which were pointed out in *Natural Gas Service Company v. Serv-U Cooperative,* supra, are present. The court below concluded, as we do, that the factors in the present case readily demonstrate that appellants are corporations within the constitutional definition, furnishing gas for light, fuel or power.

Appellants argue that this Court has exempted from any control by the Corporation Commission those aspects of a corporation's business which are found to be merely incidental to its general business functions. They cite and rely on a number of Arizona cases. But we think their reliance is misplaced. For example, in *Arizona Corporation Commission v. Continental Security Guards,* 103 Ariz. 410, 443 P.2d 406 (1968), the Continental Security Guards was operating an armored car service without a certificate of convenience and necessity and was in competition with a transport company which enjoyed a monopoly by virtue of its certificate. We found that the business of Continental Security Guards could not be classified as that of a contract carrier and, thus, subject to regulation, holding:

"The business of Continental is that of protection and security. * * * The armored car is merely a part of the security provided for protection of money and valuables. * * * The fact that the armored car is an added security afforded by Continental does not prevent its business from being classified as that of security service. We have held in other cases that where a party is engaged in a business other than that of a carrier, the fact that it uses the highways, at least to some extent, does not of itself make it a carrier." *Id.* at 420, 443 P.2d at 416.

We understand this language to mean that the use of the highways was incidental to the business of providing security services.

In the instant case, however, the distribution of LPG by central gas distribution systems is not incidental to the sale of liquid propane in bulk. The gas distribution businesses are distinct and separate from the carrying on of the remainder of appellants' businesses.

The statement of the court in *Re Geldbach Petroleum Co.,* 56 PUR3d 207 (Mo. 1964), accurately conveys the benign objectives of the Constitution, Art. 15, § 2, and why its language should not be reduced by judicial construction to insignificance:

"* * * the purposes of regulation are to preserve and promote those services which are indispensable to large segments of our population, and to prevent excessive and discriminatory rates and inferior service where the nature of the facilities used in providing the service and the disparity in the relative bargaining power of a utility ratepayer are such as to prevent the ratepayer from demanding a high level of service at a fair price without the assistance of governmental intervention in his behalf." *Id.* at 213.

Judgment affirmed.

CAMERON, C. J., and HAYS, J., concur.