666 P.2d 79

Howard L. HIRSCH and Cynthia L. Hirsch, husband and wife, Plaintiffs/Appellees,

v.

NATIONAL VAN LINES, INC., a Delaware corporation, Defendant/Appellant.

No. 2 CA–CIV 4162.

Court of Appeals of Arizona, Division 2.

June 9, 1982.

Rehearing Denied Sept. 8, 1982.

Review Granted Oct. 5, 1982.

Law Offices of Paul G. Rees, Jr., P.C., Tucson by H. Micheal Wright, Mesa, for plaintiffs/appellees.

Slutes, Browning, Sakrison & Grant, P.C. by John Pelander, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Judge.

The plaintiffs-appellees, Hirsch, secured an amended judgment for $88,787.50 against the defendant-appellant, National Van Lines, a foreign corporation alleged to have caused an event to occur in Arizona out of which the claims asserted in the complaint arose. The default judgment was entered September 29, 1980, in the amount of $96,287.50 after default had been entered September 2. This judgment included compensatory damages of $63,787.50, punitive damages of $25,000 and attorneys fees of $7,500. The amended judgment entered July 14, 1981, deleted the attorney fees. In January, 1981, the appellant moved to set aside the entry of default and original default judgment under Rule 60(c)(1), Rules of Civil Procedure, 16 A.R.S., claiming excusable neglect and a meritorious defense, at least as to the amount of damages. That motion was heard on February 23, and taken under advisement. Before any ruling, the appellant moved to reopen to seek relief also under Rule 60(c)(4) and (6). After hearing and over the appellees' objection, the court permitted the appellant to raise the additional issues and, after further hearing, by minute entry denied the motion to set aside the default and the default judgment.

On June 15 the trial court signed a written order denying the motion. On June 23 the appellant moved "to alter or amend

interlocutory judgment," to vacate entry and judgment of default, and for new trial. In this motion the appellant questioned the appealability of the June 15 order because fictitious defendants were named in the complaint and the order did not contain Rule 54(b) language. The trial court denied the motion except as to attorney fees, finding that the original default judgment should be amended accordingly, and a new order was signed July 9, 1981, and an amended judgment, July 14. The timely notice of appeal was from the June 15 order denying the motion to set aside the default judgment and from the amended judgment entered July 14.

We have found it necessary to detail this procedural history of the case, since the appellant has alleged errors both in denying the Rule 60(c) motion and in the judgment itself. The appellant first argues that the default judgment was void because of insufficient service of process and therefore the trial court erred in not setting aside the default and the judgment. We agree and find that issue dispositive of the appeal.

The appellant was served with the summons and complaint by certified mail. *See* Rule 4(e)(2)(a). Rule 4(e)(1) provides, in relevant part: "When a defendant is . . . a corporation incorporated under the laws of any other state . . . which has no legally appointed and constituted agent in this state, . . . a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e)(2) or 4(e)(3) of this Rule." Rule 4(e)(2) then provides, again in relevant part: "When the defendant is a . . . corporation . . . which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. . . ." Rule 4(e)(2)(a) then provides:

"Registered mail. When the whereabouts of a defendant outside the state is known, the serving party may deposit a copy of the summons and complaint in the post office, registering it with a re-

turn receipt requested. Upon return through the post office of the registry receipt, he shall file an affidavit with the court showing the circumstances warranting the utilization of the procedure authorized under Section 4(e)(1); and (a) that a copy of the summons and complaint was dispatched to the party being served; (b) that it was in fact received by the party as evidenced by the attached registry receipt; (c) that the genuine receipt thereof is attached; and (d) the date of the return thereof to the sender. This affidavit shall be prima facie evidence of personal service of the summons and complaint . . ."

The appellant contends that the affidavit filed in this matter was deficient, since it failed to show all of the necessary circumstances warranting the use of the procedure authorized under 4(e)(1). It lacked any statement that the defendant had no legally appointed and constituted agent in Arizona. The entire affidavit was as follows:

"H. Micheal Wright, being first duly sworn upon his oath, deposes and says:

That he is one of the attorneys for the Plaintiffs in the above entitled case and being familiar with the facts he makes this Affidavit for Plaintiffs to establish service by certified mail upon the Defendant NATIONAL VAN LINES, INC., pursuant to Rule 4(e)(2)(a), Arizona Rules of Civil Procedure.

Affiant states that on the date of service and of this Affidavit, the Defendant National Van Lines, Inc. was and is a non-resident corporation doing business in the State of Arizona, its address being Roosevelt and Gardner Road, National Plaza, Broadview, Illinois, 60153. On June 16th, 1980, Affiant enclosed a correct and true copy of the summons and complaint in the above action in a sealed envelope addressed to the Defendant National Van Lines, Inc. at the above address, certified to Defendant, return receipt requested, addresses only, and deposited the same postage-prepaid for mailing in Tucson, Arizona. Said receipt was returned to Affiant on June 21, 1980,

and attached hereto is that genuine receipt, establishing receipt by the Defendant corporation of the copy of the Summons and Complaint on June 19, 1980 in Broadview, Illinois."

Attached thereto was the receipt.

Nothing in the record before the trial court at the time of entry of default or at the time the default judgment was entered gave any hint as to the existence or non-existence of an agent of the appellant in Arizona.

Facts developed while the motion to set aside was pending disclosed that the appellant had appointed an agent on August 10, 1979, for the State of Arizona upon whom process issued by any court in any action against the appellant could be served pursuant to section 221(c) of the Interstate Commerce Act (49 U.S.C. 321(c)). This written designation was filed with the Motor Transportation Division of the Arizona Corporation Commission September 25, 1979, and was effective until March 19, 1981, when a new designation of agent was made. *See* R14–5–307 of the regulations of the Commission, which provides in subsection C:

"C. Designation of process agent:

1. When designation required: A motor carrier shall not engage in interstate or foreign commerce within the borders of the State unless there shall have been filed with and accepted by the Arizona Corporation Commission a currently effective designation of a local agent for service of process.

2. Filing of designation: The motor carrier shall file a designation of a local agent for service of process with the Commission by showing the name and address of the agent on the Uniform Application for Registration of Interstate Operating Authority as set forth in Form A or A–1 attached hereto, *or by furnishing the Commission with a true copy of the designation of such agent filed with the Interstate Commerce Commission showing an Arizona agent.*

3. Qualification of agent: The provisions of this Paragraph 3 shall not be construed in any way to affect the quali-

fications of a local agent for service of process as prescribed by State law."

A.R.S. § 40–606 authorizes the adoption of these regulations. The first designated agent was a Tucson attorney upon whom service of process could have been made.

However, the extended record developed after the default judgment further showed that the appellant never did have a statutory agent in Arizona appointed pursuant to A.R.S. § 10–113. Since the appellant was not authorized to transact business in Arizona, compliance with that statute was not required. Nor was the appellant required to be authorized to do business in this state since it was engaged in interstate commerce. A.R.S. § 10–106(B)(9); *Thorneycroft v. Emery Air Freight Corp.,* 122 Ariz. 408, 595 P.2d 200 (App.1979). The later record also showed that appellees' counsel had contacted the Arizona Corporation Commission and been advised that the appellant was not authorized to do business in Arizona and had no statutory agent. He was not informed that the commission had the ICC agent designation on file, nor did he inquire.

The question presented here is one of first impression: Where the affidavit filed in compliance with Rule 4(e)(2)(a) fails to state that a foreign corporation sued under the "long arm statute" (Rule 4(e)(2)) has no legally appointed agent in Arizona, does service by certified mail constitute sufficient service of process to give in personam jurisdiction?

Two recent decisions are instructive, although not directly on point. In *Miller v. Corning Glass Works,* 102 Ariz. 326, 429 P.2d 438 (1967) the Arizona Supreme Court was confronted with an attempted service by publication pursuant to Rule 4(e)(3) wherein the affidavit filed to show the circumstances warranting that procedure failed to set out that the defendant had no legally appointed agent. Finding that the rule should be strictly construed, *Miller* holds the service was ineffective and the trial court had acquired no personal jurisdiction. The appellees attempt to distinguish *Miller* because service by publication

rather than by certified mail was involved. Where only publication is used, there is a possibility that a defendant will not have notice of the pendency of the action. In the instant case there is no question that the appellant did receive the summons and complaint that was sent by certified mail. Nevertheless *Miller* does not limit its holding to service by publication, and the affidavit required under Rule 4(e)(3) is no different than that required under Rule 4(e)(2).

The more recent decision of our supreme court is *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980), which involved direct service out of state on a non-resident individual defendant pursuant to Rule 4(e)(2)(b). The plaintiff failed to file any affidavit showing the circumstances warranting out-of-state service. Affidavits of the process server showing the fact of service were filed. The latter affidavits, read together with the verified complaint, established that the defendants were residents of California who had allegedly entered into a contract for the sale of real property in Arizona and that the claim asserted in the complaint arose out of that contract. Considering all of this, the supreme court held there were sufficient facts to warrant the out-of-state service under Rule 4(e)(1) and to establish personal jurisdiction over the defendants. *See Also Walter v. Northern Arizona Title Co.,* 6 Ariz.App. 506, 433 P.2d 998 (1968).

The appellees understandably attach great significance to the following language in the *Cockerham* opinion:

"Although entering a default judgment in the absence of the required affidavit violated the mandate of Rule 4(e)(2)(b) and constitutes reversible error, lack of such an affidavit did not deprive the court of personal jurisdiction over defendants. Defendants had notice of plaintiff's complaint and an opportunity to defend. They do not claim that the trial court could not have obtained jurisdiction over them had an affidavit been filed. They claim only that failure to comply with a technicality prevented establishment of personal jurisdiction over them in the trial court. We hold that the failure to file the affidavit of service required by Rule 4(e)(2)(b), although reversible error, did not render the default judgment void for lack of personal jurisdiction *where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server.*" (emphasis supplied)

From this, they argue that since there was out-of-state personal service by certified mail on an officer of the appellant, and assuming arguendo, no legally appointed and constituted agent in Arizona, the service they perfected would have been proper except for a "technical defect" in their affidavit. In other words, if their affidavit had contained a statement that the appellant had no legally appointed and constituted agent in Arizona, they could have served process by certified mail.

This argument overlooks the reason given for the court's holding in *Cockerham,* that "the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server." In the instant case the facts to be contained in the affidavit did not appear in the record before the court at the time the default was entered, nor at the time the default judgment was taken. In *Cockerham* the record contained a prima facie showing of sufficient service of process to give personal jurisdiction. In the instant case it did not. This is the critical test.

We hold that the trial court erred in denying the motion to vacate the default and the default judgment. In view of this holding, we find it unnecessary to address the other issues raised on appeal.

The order denying the motion to vacate is set aside and the cause remanded for further proceedings.

HOWARD, C.J., and HATHAWAY, J., concur.