NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSEPH P. ALOSI, *Plaintiff/Appellant,*

*v.*

CITIBANK N.A., et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0405
FILED 3-19-2020

Appeal from the Superior Court in Maricopa County
No. CV 2017-055664
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Wright, Finlay & Zak, LLP, Phoenix
By Joel F. Newell
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Joseph and Joyce Alosi appeal the superior court's denial of their motion to set aside a judgment under Rule 60(b)(3) of the Arizona Rules of Civil Procedure ("Rule"). The Alosis claim that Citibank's fraud or misconduct prevented them from presenting a meritorious defense before the superior court issued its order granting summary judgment in favor of Citibank and Select Portfolio Servicing ("Select") (collectively referred to as the "Bank"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In January 2007, the Alosis executed a promissory note (the "Note") in favor of Washington Mutual Bank ("WaMu") secured by a deed of trust encumbering their home. Soon after, WaMu transferred and assigned the Note to Citibank, but retained loan servicing rights under the Note until September 2008, when WaMu went into receivership and JP Morgan Chase Bank ("Chase") received the loan servicing rights, which it transferred to Citibank—who designated Select to be the loan servicer.

**¶3**　　　　In November 2016, after defaulting on the Note, the Alosis unsuccessfully sought a preliminary injunction to prevent Select from pursuing foreclosure. The Alosis questioned whether Select had the authority to collect under the Note. A year later, the Alosis filed suit against the Bank seeking (1) quiet title; (2) injunctive relief preventing the Bank from enforcing on the Note; and (3) to have the court declare under Arizona Revised Statutes ("A.R.S.") section 12-1831 that the Bank had no power or authority to order or execute a trustee sale.

**¶4**　　　　The Alosis alleged that the Bank was not the proper or legal beneficiary, trustee, or servicer of the Note. The Alosis argued that the Note was never transferred to Citibank, and that assignment of the Note from WaMu was invalid. Citibank claimed that it was the holder of the Note and that "the endorsed in blank Note was transferred to Citibank" on April 1,

2007. *See* A.R.S. § 47-1201(21)(a) ("'Holder' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ."); A.R.S. § 47-3205(A)–(C) (if the holder endorses the note in blank the "instrument becomes payable to bearer and may be negotiated by transfer of possession alone" until and unless a holder writes words identifying the person to whom the instrument is made payable above the signature of the endorser).

¶5        The Bank moved for summary judgment, arguing that Citibank was "the holder of the subject promissory note with the right to enforce the default remedies" and that there was no dispute of material fact. In October 2018, the court entered judgment in the Bank's favor (the "October Judgment"), finding the Note was "a bearer instrument as it does not state a payee," that "[p]resently, the Note is in the possession of Citibank," and that because "the Note does not designate the payee, it is a bearer instrument and can be enforced by its possessor. There is no evidence to support a claim that the possessor (Citibank) gained possession through any wrongful means." The court also noted that the Alosis "speculate about the circumstances under which Citibank became the possessor of the Note," but that "[t]hey do not claim that there was fraud or similar action." It concluded, "[t]here is therefore no genuine issue of material fact as to the existence of the Note, possession and enforceability."

¶6        The Alosis did not appeal the October Judgment. In February 2019, however, the Alosis filed an "Emergency Motion to cancel the sale scheduled for February 19, 2019 and Motion to Vacate or Set Aside the Order of this Court dated October 23, 2018." In addition to raising the same issues related to the summary judgment motion, the Alosis alleged that the Bank "duped the court and the [Alosis] when it asserted that it is the note 'holder' as a result of being the holder of a note endorsed in blank and undated, because Arizona law presumes that all signatures and endorsements on the note are presumptively authentic and authorized." *See* A.R.S. § 47-3308(A). They asserted the Bank should not have been entitled to benefit from the presumption, which relieved it from the burden of establishing its interest in the property.

¶7        The court noted that "[w]hile Plaintiffs' positions appeared to be lacking factual or legal support," it nevertheless "elected to act in a fashion that gave Plaintiffs every benefit of the doubt." After holding a hearing, the court denied the Alosis' motion to set aside the judgment (the "April Judgment"). The court concluded that "Citibank has the right to act upon the note, including pursuit of a trustee sale/foreclosure." The Alosis

3

appealed, and we have jurisdiction under A.R.S. §§ 12-120.21 and -2101(A)(1).

## DISCUSSION

**¶8**        The Alosis' opening brief positions the appeal as a review of the October Judgment, stating the issue as:

> Citibank avows it gained physical possession of the Alosis' Note, which was secured by a Deed of Trust. The Alosis' Note, however, has an invalid, forged, unauthorized endorsement. Citibank has never proven: (1) it was a holder in due course of the Alosis' Note; (2) it paid for the Alosis' Note in good faith or took it for value in good faith; (3) it has any valid right to enforce through a deed-of-trust sale what is [really a] converted Note; or (4) it is in actual possession of the Alosis' original Note. Did the trial court err in failing to stop Citibank from seeking to enforce its purported rights in the Alosis' Note and in the Alosis' Deed of Trust linked to it?

The Bank argues that the Alosis' notice to appeal the October Judgment is untimely, and appellate review is limited to whether the court abused its discretion when denying the Alosis' Rule 60 motion.

## A.        The April Judgment Did Not Supersede the October Judgment.

**¶9**        "The timely filing of the notice of appeal is a prerequisite to appellate jurisdiction." *Wilkinson v. Fabry*, 177 Ariz. 506, 507 (App. 1992); *see* ARCAP 8(a) (a party may appeal a superior court judgment by filing a notice of appeal); Ariz. R. Civ. App. P. 9(a) (a party must file a notice of appeal within 30 days after entry of the judgment from which the appeal is taken). Although the Alosis' opening brief argues issues related to the court's summary judgment order without addressing this court's jurisdiction to review the October Judgment, the Alosis' reply asserts that there could only be one final judgment, and here, the April Judgment superseded the October Judgment.

**¶10**        The April Judgment does not supersede the October Judgment. Although there is an overlap between the two motions and whether Citibank obtained the Note by nefarious means, the issue in the Rule 60 motion was whether the Bank prevented the Alosis from presenting a meritorious defense because of its fraud, misrepresentation, or misconduct. *Estate of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993). Simply because a finding in their favor in the Rule 60 motion may have also served

4

to rebut the presumption—thereby making the transfer to Citibank invalid—it does not mean that by denying the motion the court was reviving the issues decided in the summary judgment motion. *See Hyman v. Arden-Mayfair, Inc.*, 150 Ariz. 444, 446, (App. 1986) (the rule "does not encompass situations . . . where a party merely asks the court to reconsider a previous legal ruling").

¶11 Under Rule 60(b)(3), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when there has been fraud, misrepresentation, or other misconduct of an opposing party. However, a "[Rule 60] motion does not affect the judgment's finality or suspend its operation." Ariz. R. Civ. P. 60(c)(2); *see also* ARCAP 9(e)(1)(E) (if a party moves for relief under Rule 60 *within 15 days after entry of the judgment*, the time to file a notice of appeal begins to run after a final judgment on the motion). The court issued its final judgment granting summary judgment in favor of the Bank on October 24, 2018, with the requisite Rule 54(c) language indicating no further matters remain. *See* Ariz. R. Civ. P. 54(c) ("A judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)."). The Alosis did not appeal. Accordingly, the court's April Judgment concerning the Rule 60 motion did not supersede the October Judgment.

**B.      Sufficient Evidence Supports the Superior Court's Denial of the Alosis' Motion to Set Aside the Judgment.**

¶12 The opening brief focuses entirely on the summary judgment ruling. But, "[t]he scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside and does not extend to a review of whether the trial court was substantively correct in entering the judgment from which relief was sought." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983). Accordingly, we limit our review to whether the court erred by denying the Alosis' motion to set aside the judgment.

¶13 In their Rule 60 motion, the Alosis alleged that the Bank defrauded them and the court because it submitted the Note with an endorsement that it "knew, or should have known, was not made by the purported signor, Cynthia A. Riley, because she was not employed by Washington Mutual in 2007 when th[e] endorsement was made." Because, under A.R.S. § 47-3308(A), "Arizona law presumes that all signatures and endorsements on the note are presumptively authentic and authorized," they argued that the Bank should not have been entitled to benefit from the

presumption, which relieved it from the burden of establishing its interest in the property. After hearing additional evidence, the court denied the motion.

**¶14** The superior court "enjoy[s] broad discretion when deciding whether to set aside judgments" for fraud, misrepresentation, or other misconduct of an adverse party. *Woodbridge Structured Funding, LLC v. Ariz. Lottery*, 235 Ariz. 25, 29, ¶ 21 (App. 2014); *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 24 (App. 2015). To obtain relief under Rule 60(b), the movant must show that he or she was prevented from presenting a meritorious defense because of the adverse party's fraud, misrepresentation, or misconduct. *Litzenburg*, 177 Ariz. at 93.

**¶15** The Alosis do not address the correct scope of our review until their reply brief. There, they argue that the superior court abused its discretion by finding that the Note was a bearer instrument because Riley testified in another proceeding that she did not even work for WaMu at the time of the endorsement that rendered the Note to be a bearer instrument, and that she had never endorsed any notes.[1] Sufficient evidence supports the court's conclusion that the Alosis failed to meet their burden to establish that the Bank engaged in fraud, misrepresentation, or misconduct.

**¶16** First, in their motion, the Alosis alleged that Riley was laid off by WaMu in 2006. However, in the hearing, Mr. Alosi stated: "We are not challenging if [Riley] worked for WaMu at the time. We are saying, she did not work *in that capacity* at the time of the alleged endorsement of our note." (Emphasis added.)

---

[1] The Alosis additionally raise the issue in their reply brief that the court abused its discretion by finding that Riley was "employed by *Citibank* in some capacity at the time of the endorsement that rendered the Note to be a bearer instrument." (Emphasis added.) *See* ARCAP 13(a)(7); *Nelson v. Rice*, 198 Ariz. 563, 567, ¶ 11, n.3 (App. 2000) (a party waives an argument it fails to raise in its opening brief). The court's finding appears to be a misstatement as there was no allegation, or evidence, that Riley had ever worked for Citibank—the relevant question was whether she worked for WaMu during the relevant time. Nevertheless, we consider the argument waived because the Bank was not given the opportunity to respond and sufficient evidence supports the conclusion that the Alosis failed to establish misconduct or fraud.

¶17 Next, the Alosis provided deposition testimony taken in a different matter, claiming that Riley stated she had not been employed at WaMu from November 2006 through January 2009. In response, the Bank presented an order from the United States District Court for the Northern District of California, where a similar issue was argued, and the district court denied a motion for relief from judgment on the same basis.

¶18 Like the Alosis, the plaintiffs in the California case, "identified as their strongest evidence the deposition testimony of Cynthia Riley from a Florida state court action," asserting "that Cynthia Riley, the purported endorser of the note, testified she was laid off from WaMu in 2006. She could not have signed the 2007 note *if* she was laid off in 2006." That court noted that the plaintiffs "provided a compilation of citations to Ms. Riley's deposition testimony," but the defendants "submitted argument supported by Ms. Riley's deposition testimony and hundreds of pages of additional evidence, including a declaration from August 2015 in an action before the United States District Court for the Southern District of Indiana. In the Indiana declaration, a Chase employee testified that Ms. Riley was employed as a vice president with WaMu from 2004 to 2008, and then with Chase from 2008 to mid-2013. Appended to his declaration are business records showing Ms. Riley's matching job history." The district court wrote off the minor inconsistencies in the plaintiff's interpretation as either not contradictory or "a misunderstanding on the part of the deposing attorney." Here, the Alosis provided the same transcripts and the Bank provided the same business records showing that WaMu employed Riley until January 2008.

¶19 Finally, Riley did not testify that she did not authorize notes to be endorsed, only that she did not sign the notes herself. She testified that a stamp was made with her signature, and she oversaw the process. Moreover, even if they could establish that Riley was not able to endorse the Note at the time it became a bearer instrument, the Alosis failed to prove that *the Bank* engaged in misconduct. They claim that Citibank "knew or should have known the note bore a forged endorsement," but they fail to state the reason it should have known. Accordingly, there was sufficient evidence for the court to conclude that Riley could have endorsed the Note and, in the alternative, the court could have found that the Alosis failed to establish that the Bank engaged in misconduct warranting Rule 60 relief from judgment.

## CONCLUSION

¶20        We affirm the superior court's ruling.



AMY M. WOOD • Clerk of the Court
FILED:  AA