NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL STEVEN CAMPBELL, *Plaintiff/Appellee,*

*v.*

JULIANA LUCIA MURPHY, *Defendant/Appellant.*

No. 1 CA-CV 19-0432
FILED 4-30-2020

Appeal from the Superior Court in Maricopa County
No. CV 2018-056291
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED**

COUNSEL

G. David DeLozier, PC, Phoenix
By G. David DeLozier
*Counsel for Defendant/Appellant*

Hatcher Nolasco & Fletcher PLLC, Phoenix
By Thomas R. Nolasco, Michael R. Fletcher
*Counsel for Plaintiff/Appellee*

------

**MEMORANDUM DECISION**

------

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

------

**C A M P B E L L**, Judge:

¶1        Juliana Murphy appeals from the superior court's denial of her motion for relief from a default judgment granted in favor of Michael Campbell. For the following reasons, we affirm.

## BACKGROUND

¶2        Upon ending their 35-year romantic relationship, Murphy and Campbell agreed to return each other's personal property. At that time, a substantial portion of Campbell's art collection was housed at Murphy's or her mother's residence or storage units.

¶3        Eight years later, Campbell demanded that Murphy return the artwork. He discovered, however, that Murphy had sold at least one piece from his collection, through an auction house, for $80,000.

¶4        On November 9, 2018, Campbell filed a complaint against Murphy alleging breach of contract, breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment. He also sought a declaratory judgment determining that artwork in Murphy's possession is his personal property and an injunction to prevent Murphy from selling other pieces from his collection.

¶5        On January 27, 2019, Murphy was served with the complaint and a summons. On February 20, 2019, after Murphy failed to respond to the complaint, Campbell applied for entry of default. On March 25, 2019, Campbell moved for an entry of default judgment with hearing to prove damages. On April 2, 2019, after holding a default hearing in Murphy's absence, the superior court entered a default judgment that, among other things: (1) awarded Campbell $80,000, (2) declared Campbell the sole owner of specified artwork in Murphy's possession, (3) ordered Murphy to account for the artwork in her possession, (4) enjoined Murphy from selling, moving, or destroying the artwork, and (5) required Murphy to relinquish the artwork to Campbell.

**¶6** Three days later, Murphy moved to set aside the default judgment for good cause. She argued her failure to defend the action was the result of excusable neglect, asserting she did not receive a mailed notice of the default hearing until the evening of April 2, 2019. She also asserted that: (1) Campbell's claims are time-barred because he did not bring the action within four years of the parties' oral agreement, and (2) she is, at a minimum, a co-owner of the artwork.

**¶7** After an evidentiary hearing on the motion, the superior court found Murphy "failed to establish excusable neglect," having been properly served the complaint and notified of the hearing. Accordingly, the court denied her motion to set aside the default judgment. Murphy timely appealed.

## DISCUSSION

**¶8** Arguing the superior court improperly denied her motion to set aside the default judgment, Murphy contends that: (1) Campbell's application for entry of default was premature, and (2) she demonstrated "good cause" warranting relief.

**¶9** We affirm a superior court's denial of a motion for relief from judgment absent a clear abuse of discretion and view the facts in the light most favorable to upholding the court's ruling. *Ezell v. Quon*, 224 Ariz. 532, 534, 536, ¶¶ 2, 15 (App. 2010). But we review de novo the interpretation of applicable rules. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018).

### I. Application for Entry of Default

**¶10** To comply with Arizona Rule of Civil Procedure ("Rule") 12(a)(1)(A)(i), a defendant must file and serve an answer or other responsive pleading within 20 days after being served with a summons and complaint. Murphy does not contest she was properly served with a summons and complaint on January 27, 2019. Instead, citing Rule 5(c)(2)(C), which permits a party to serve a document by mail—"in which event service is complete upon mailing"—Murphy argues Campbell *could not have known* that she had failed to timely serve an answer or other responsive pleading when he filed his application for entry of default on February 20, 2019 (due to a weekend and federal holiday, February 19, 2019 was the last day for Murphy to timely respond). Therefore, his application was premature and ineffective.

**¶11** Our review on appeal is limited to those issues raised in Campbell's motion to set aside. *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304,

311 (1983). By failing to raise the premature-application argument in the superior court, Murphy waived the issue on appeal. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived."). Even in the absence of waiver, Murphy's argument fails. The superior court "makes all pleadings available to parties" through its electronic filing system. Because a party must both serve and file an answer or other responsive pleading within 20 days after being served with a summons and complaint, Ariz. R. Civ. P. 12(a)(1)(A)(i), Campbell could have applied for entry of default based solely on Murphy's failure to *file* an answer or other responsive pleading before February 20, 2019. More importantly, even extending five additional calendar days for mailing, Murphy concedes that she did not timely file an answer. *See* Ariz. R. Civ. P. 6(c) (adding five calendar days when service is completed by mail).

¶12        As Campbell points out, the statutory scheme governing default judgments guards against "premature" applications by imposing a 10-day delay before an application for entry of default becomes effective. Ariz. R. Civ. P. 55(a)(4) ("A default is effective 10 days after the application for entry of default is filed."). In other words, had Murphy timely served Campbell with an answer by mail under Rule 5(c)(2)(C), the application for entry of default would have been ineffective. Ariz. R. Civ. P. 55(a)(5) ("A default will not become effective if the party claimed to be in default pleads or otherwise defends as provided in these rules within 10 days after the application of entry of default is filed."). On this record, Murphy's claim that the application for entry of default was premature and ineffective is without merit.

## II.    Purported "Good Cause" for Relief

¶13        Under Rule 60(b), the court may relieve a party from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief. While the law favors deciding cases on the merits, the "principle of finality in proceedings" must also "be recognized and given effect." *Daou v. Harris*, 139 Ariz. 353, 359 (1984). To set aside a default judgment under Rule 60(b), a party must show: (1) it acted promptly in seeking relief; (2) its failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(b); and (3) it had a meritorious defense. *Id.* at 358-59.

**¶14** Relying on *Gonzalez*, Murphy contends that Campbell received an "unjust windfall" from the default judgment, which, alone, justifies relief under Rule 60(b). In *Gonzalez*, the plaintiff obtained a default judgment for $667,279.56 for injuries allegedly sustained during a low-speed motor vehicle accident, notwithstanding that the contemporaneous police report, which documented the accident, stated "no injury" had occurred. 243 Ariz. at 532–33, ¶¶ 2–4. In their motion to vacate the default judgment, the defendants admitted liability but contested the amount of damages awarded. *Id.* at 533, ¶ 5. After the superior court granted the motion to vacate the default judgment, concluding the damages award was "too large" and damages should be "decided on the merits," this court reversed and reinstated the default damages award. *Id.* at ¶ 5–6. On review, the supreme court expressly noted that the defendants relied "solely" on Rule 60(b)(6), the catch-all provision, and did not argue "that any of the first five Rule 60(c) grounds, including excusable neglect, applied." *Id.* at 534, ¶ 10. Proceeding on that basis, the supreme court reversed this court's decision, holding that: (1) Rule 60(b)(6)'s requirement that a defendant assert a meritorious defense imposes only a "minimal" evidentiary burden, and (2) a defendant's failure to satisfy the excusable neglect standard of Rule 60(b)(1) does not preclude relief under Rule 60(b)(6). *Id.* at 534–35, ¶¶ 12, 15.

**¶15** Murphy's reliance on *Gonzalez* is inapposite. First, unlike the defendants in that case, Murphy framed her motion to set aside the default judgment squarely within the confines of Rule 60(b)(1), claiming her neglect in responding to both the complaint and the default application were excusable. Second, while the plaintiff in *Gonzalez* sought to reverse the superior court's exercise of discretion in granting Rule 60(b) relief, which the supreme court denied, here, Murphy asks this court to reverse the superior court's denial of her motion for relief from judgment. As noted, the superior court has broad discretion to grant or deny relief pursuant to Rule 60(b), and we will not disturb the exercise of that discretion unless we find an abuse of discretion.

**¶16** Furthermore, although Murphy has abandoned her excusable neglect argument on appeal, *see DeElena v. S. Pac. Co.*, 121 Ariz. 563, 572 (1979) (issues not argued on appeal are deemed waived), and reframed her request for relief under the catch-all provision of Rule 60(b), the grounds for relief in each Rule 60(b) subsection "are separate and distinct." *Gonzalez*, 243 Ariz. at 535, ¶ 15. In other words, each of the enumerated grounds stands alone, and Murphy's invocation of Rule 60(b)(1) in the superior court did not preserve for appellate review a revised claim for relief predicated on Rule 60(b)(6). *See Hirsch*, 136 Ariz. at 311; *Odom*, 216 Ariz. at 535, ¶ 18.

Therefore, Murphy waived her claim that Campbell received an "unjust windfall from the default judgment," justifying Rule 60(b)(6) relief absent excusable neglect, by failing to raise it in the superior court. On this record, the superior court did not abuse its discretion by finding Murphy's failure to timely answer the complaint was not excusable under Rule 60(b)(1).

**CONCLUSION**

**¶17** For the foregoing reasons, we affirm the superior court's denial of Murphy's motion to set aside the default judgment. Campbell requests an award of attorney fees pursuant to A.R.S. § 12-341.01. In our discretion, we award reasonable attorney fees and costs on appeal to Campbell subject to his compliance with ARCAP 21(a).



AMY M. WOOD • Clerk of the Court
FILED:  AA