NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RCA AVIONICS, LLC, *Plaintiff/Appellee*,

*v.*

JUNIPER AVIATION, LLC, *Defendant/Appellant*.

No. 1 CA-CV 22-0099
FILED 12-6-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-012931
The Honorable Richard Albrecht, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Williams Commercial Law Group LLP, Scottsdale
By Daryl M. Williams
*Counsel for Plaintiff/Appellee*

Squire Patton Boggs LLP, Phoenix
By Richard M. Amoroso, Brent R. Owen
*Defendant/Appellant*

<hr>

## MEMORANDUM DECISION

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Acting Presiding Judge Randall M. Howe and Judge D. Steven Williams joined.

<hr>

**C A T T A N I**, Chief Judge:

**¶1**        Juniper Aviation, LLC, appeals the superior court's denial of its motion to set aside a default judgment in favor of RCA Avionics, LLC. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Juniper owned a jet aircraft for which RCA provided maintenance services. In early 2021, Juniper sued RCA for damage the aircraft sustained while in RCA's care the previous year. The parties ultimately settled Juniper's negligence claim and stipulated to dismiss that case with prejudice in early August. *See Juniper Aviation, LLC v. RCA Avionics, LLC*, CV2021-000392 (Maricopa Cnty. Super. Ct. Aug. 9, 2021) (order of dismissal).

**¶3**        Just over a week after Juniper's suit was dismissed, RCA sued Juniper to collect just under $50,000 in unpaid invoices for maintenance work. RCA served Juniper's registered agent with the complaint on August 24, 2021. Juniper did not appear or answer.

**¶4**        After 38 days had passed, RCA filed a notice and application for default in early October (updated with minor amendments twice over the next week). *See* Ariz. R. Civ. P. 55(a)(1)–(3). RCA sent the application and each amendment by mail to Juniper's registered agent (in Delaware) and Juniper's principal place of business (in California) and by mail and email to the attorney who had represented Juniper in the negligence case. *See* Ariz. R. Civ. P. 55(a)(3)(A)–(B). Juniper still did not appear or answer.

**¶5**        RCA then moved for entry of default judgment without a hearing, again sending the motion to Juniper's registered agent, principal place of business, and attorney. *See* Ariz. R. Civ. P. 55(b)(1)(A). On October 27, the superior court entered a default money judgment in RCA's favor for just over $50,000 (including prejudgment interest and taxable costs).

Juniper's attorney (who had also represented Juniper in the negligence case) filed a notice of appearance the next day.

**¶6**     Juniper timely moved to set aside the default judgment on grounds of excusable neglect. *See* Ariz. R. Civ. P. 55(c), 60(b)(1). Juniper explained that its registered agent had mailed the complaint (and later the application for default) to its business address in California, where state and local stay-at-home orders were in effect. Because of those COVID-related measures, no employees were in the office to receive the mail, and Juniper's principals first learned of RCA's complaint on October 27 — the day default judgment was entered. After full briefing, the superior court denied the motion, reasoning that it "cannot find that [Juniper's] failure to file an Answer in a timely fashion was the result of excusable neglect."

**¶7**     Juniper timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.     Motion to Set Aside Default Judgment.

**¶8**     Juniper argues that the superior court erred by denying its request to set aside the default judgment on grounds of excusable neglect. We review this ruling for an abuse of discretion. *Laveen Meadows Homeowners Ass'n v. Mejia*, 249 Ariz. 81, 83, ¶ 6 (App. 2020).

**¶9**     A default judgment may be set aside based on excusable neglect if the defaulting party shows "(1) excusable neglect that explains the failure to timely defend, (2) a prompt and diligent request for relief from the judgment, and (3) a meritorious defense to the underlying complaint." *Laveen Meadows*, 249 Ariz. at 83, ¶ 7 (citing *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 309 (1983)); *see also* Ariz. R. Civ. P. 55(c), 60(b)(1). Neglect is "excusable" for these purposes if a reasonably prudent person might have acted in the same manner under the circumstances. *City of Phoenix v. Geyler*, 144 Ariz. 323, 331–32 (1985); *see also id.* at 332 ("[D]iligence is the final arbiter of whether mistake or neglect is excusable."). "[M]ere carelessness" or "unexplained neglect" is not sufficient. *Daou v. Harris*, 139 Ariz. 353, 359 (1984); *Richas v. Superior Court*, 133 Ariz. 512, 515 (1982).

**¶10**     Juniper asserts that its failure to timely respond was excusable because COVID-related stay-at-home orders meant no employees were present in its California office to receive the mail, including RCA's complaint (which Juniper's registered agent mailed to Juniper's business address after service). But Juniper offers no explanation for failing — even

after almost a year and a half of pandemic-related disruptions—to have any system in place to review incoming mail periodically instead of leaving it to accumulate for at least (as evidenced here) nine weeks. And despite being involved in other litigation around the same time, Juniper likewise offers no explanation for failing to consider alternative means of communication with its registered agent. The superior court did not err by concluding these failures and delays were not the acts of a reasonably prudent person. *See Geyler*, 144 Ariz. at 331–32.

¶11 Juniper now relies on several unpublished federal cases for the proposition that inadvertent oversights resulting from lack of in-house staff during the pandemic should be considered excusable neglect. But none of those cases involved relief from a default *judgment*. *See Hunsinger v. Equity of Texas, LLC*, 3:21-CV-802-M-BK, 2021 WL 6274584, at *1 (N.D. Tex. Dec. 13, 2021) (setting aside entry of default, not default judgment); *Sullivan Mech. Contractors, Inc. v. KBE Bldg. Corp.*, 3:20-CV-00013, 2020 WL 2735726, at *1 (W.D. Va. May 26, 2020) (same); *Cruz v. Reliance Standard Life Ins. Co.*, 1:18-CV-00974-RB-SCY, 2020 WL 1929405, at *1 (D.N.M. Apr. 21, 2020) (permitting an out-of-time response to a motion for summary judgment); *see also* Ariz. R. Civ. P. 55(c) (distinguishing between the justification for setting aside entry of default ("good cause") and grounds for setting aside a final default judgment (grounds for relief under Rule 60(b))).

¶12 Moreover, two of those cases involved deadlines within days or weeks of the onset of the pandemic, when COVID-related restrictions were new and before organizations had an opportunity to account for such disruptions (not, as here, 17 months into the pandemic). *See Sullivan*, 2020 WL 2735726, at *1 (deadline of April 8, 2020); *Cruz*, 2020 WL 1929405, at *1 (deadline of April 1, 2020). Two of the cases involved delay-causing complications apart from pandemic-related remote work (the only circumstance on which Juniper relies). *See Hunsinger*, 2021 WL 6274584, at *2 (delay caused by defendant company's office move, complicated by pandemic-related remote work); *Cruz*, 2020 WL 1929405, at *1 (damage from cyberattack exacerbated by limited access due to remote work in the first days of the pandemic). And in the third case, pandemic-related disruptions weighed neither in favor of nor against granting relief. *Sullivan*, 2020 WL 2735726, at *3 (noting that the factor related to stay-at-home orders "appears to be in equipoise, neither definitively weighing in favor of or against vacating the entry of default"). Given the different legal standards and factual circumstances at play, none of these cases provides a persuasive basis for overriding the superior court's conclusion that Juniper's neglect here was not excusable.

**¶13** Accordingly, we affirm the denial of Juniper's motion to set aside the default judgment based on excusable neglect.

## II. Attorney's Fees and Costs on Appeal.

**¶14** RCA requests an award of attorney's fees on appeal under A.R.S. § 12-341.01 and as a sanction under A.R.S. § 12-349, ARCAP 25, and Arizona Rule of Civil Procedure 11. After consideration, we deny the requested award and decline to impose fees as a sanction. As the prevailing party, however, RCA is entitled to an award of its costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

## CONCLUSION

**¶15** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA